HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.

### ELMORE v. DAVIS.

REAL PROPERTY—ACTION—CODE—COSTS.—When an action for partition
of real property has been nonsuited, the plaintiff may bring another
action for partition of same land against same parties without paying
costs of former action, and sec. 98 of Code does not apply in such a
case.

Before BUCHANAN, J., Sumter, March, 1896. Reversed.

Action by Levander Elmore against Darling L. Davis,
James T. Davis, J. Lee Davis, Alfred L. Davis, Murray H.
Davis, Joshua W. Davis, John L. Davis, Sarah Davis, in her
own right and as executrix of John Davis. Complaint dis-
missed. Plaintiff appeals.

*Messrs. A. B. Stuckey* and *Frasers & Cooper*, for appel-

lant, cite: 27 S. C., 269; Code, 98; 27 S. C., 193; 20 S. C., 462; Harper, 390; 1 McC., 137; 23 S. C., 388; 12 S. C., 108; 17 S. C., 544; 18 S. C., 232; Rice, 375; 21 S. C., 291; 9 S. E. R., 523.

*Messrs. Lee & Moise,* contra, cite: Code, 98; 3 Brev., 553; 59 N. Y., 426; 46 Ib., 182; Code, 274; 36 S. C., 559; Harp. Eq., 106; 7 Rich. Eq., 84; Harp. L., 390; 1 Brev., 101, 103; 1 McC. L., 161; 2 Brev., 400; 13 Rich. L., 178; 5 Strob., 141.

March 29, 1897. The opinion of the Court was delivered by ·

MR. JUSTICE JONES. In this action, purporting to be one for the partition of real estate, the defendants interposed, with other matters of defense, a special plea as follows: "That plaintiff is estopped to claim any interest in the lands described in the complaint as tract No. 1 and tract No. 2, for that by the judgment of said Court in an action therein, wherein the plaintiff herein was plaintiff, and these defendants and others were defendants, wherein the title of said land was in dispute, and said action was for the recovery · thereof, and which judgment was duly given by said Court, and entered on the 29th day of August, 1895, the said plaintiff was adjudged to have no title to nor interest in said premises, nor have the costs of said action been paid, and these defendants plead the same in bar of this action." The answers raise the issue of title to all the lands described in the complaint as tracts No. 1 and No. 2, containing, together, 869 acres. Other defenses being reserved, the case was heard by Judge O. W. Buchanan on this special defense. The record in the former action of Levander Elmore *v.* Darling L. Davis and others, was put in evidence, and it was admitted that the costs of this last mentioned action had not been paid. The Judge sustained the special defense, and dismissed the complaint as to tracts No. 1 and No. 2, containing 869 acres. The appeal raises but a single question for our determination. Respondents' counsel stated in argument that the complaint was dismissed, as to

the 859 acres, upon the authority of subdivision 2 of sec. 98 of the Code, and the case of *Columbia Water Co.* v. *Columbia Land Co.*, 42 S. C., 488. The only question discussed before us is, whether this section of the Code applies to and controls this case.

The provision of the Code, sec. 98, sub. 2, is as follows: "The plaintiff, in all actions for the recovery of real property, or the recovery of the possession thereof, is hereby limited to two actions for the same, and no more; *provided*, that the costs of the first action be first paid, and the second action be brought within two years from the rendition of the verdict or judgment in the first action, or from the granting of a nonsuit or discontinuance therein." In determining whether this provision of the Code applies, it becomes necessary to ascertain, first, whether this is "an action for the recovery of real property or the recovery of the possession thereof." This question is to be determined by the complaint and not by the answers, which raise the question of title. The complaint is in the form of an ordinary complaint for the partition of real estate, stating the facts upon which plaintiff claims the right for a partition, and accounting for rents, income, and profits of the lands sought to be partitioned. The only allegation in the complaint, upon which is based the claim that it is an action for the recovery of land or the possession thereof, is in paragraph XIV., wherein it is alleged: "that since, soon after the death of said testator, excepting the defendant, Sarah Davis, the other defendants, and the said John N. Davis, from whom the defendant, John L. Davis, inherited his undivided interest, *have had the exclusive use of said premises* above described, and styled tract No. 1, tract No. 2, and tract No. 4, and *have had the exclusive use and enjoyment of the rents, income, and profits thereof,* and are liable to an accounting of the same to the plaintiff." But this clearly is not inconsistent with the allegations in the twelfth paragraph of the complaint: "That excepting the two hundred acres to be divided between the defendants, Murray H. Davis and

Joshua W. Davis, as above stated, the plaintiff and some of the defendants, to wit: Darling L. Davis, James T. Davis, Alfred L. Davis, and John L. Davis, *are seized and possessed as tenants in common* of all the remainder of said tract No. 1, and, also, the whole of tract No. 2, in undivided interests as follows, &c." The allegation in the 14th paragraph merely shows the extent of the claim for accounting against the cotenants, and can not be construed as an allegation of ouster in conflict with the allegation of seizure and possession of plaintiff as cotenant. This action, therefore, is strictly in form an action for partition, and is, in no sense, an action for the recovery of land or the possession thereof. We will not look beyond the form and frame of the complaint to discover some other purpose than what is disclosed therein. Nor was the former action referred to an action to recover real estate or the possession thereof. It was, also, an action for partition, in which the issue of title was raised in the answers of defendants. We make no ruling and express no opinion as to the effect of the judgment dismissing the complaint in the former case on the other issues raised by way of defense in this case. We merely mean to rule, that sec. 98 of the Code is not applicable to this case, and that it was error to dismiss the complaint as to the 859 acres, because the costs of the former suit had not been paid.

The judgment of the Circuit Court is reversed.