McELWEE v. McGILL.

1. ASSIGNMENT—RELEASE.—Where a deed of assignment required creditors to release in ninety days, but the agent of assignee, at his instance, made notice read, through mistake, that releases must be filed on the 91st day, and one creditor actually released within the ninety days, and no creditors actually filed releases on day named by assignee, but on that day quite a number executed an agreement not to release, an attorney signed such agreement for the releasing creditor under mistaken idea that he represented her, such releasing creditor cannot be deprived of her rights under the deed.

2. IBID.—THE ASSIGNEE cannot extend the day for filing releases beyond the time stated in the deed.

Before GAGE, J., York, Chester, December, 1896. Reversed.

Action by Margaret A. McElwee against Elizabeth C. McGill, D. E. Finley, assignee of Kennedy Bros. & Barron, the firm and individual members thereof. Martha J. McGill,

Mary B. Pressley, Exchange Bank, Joseph F. Wallace, surviving liquidator, and James L. Moss, Elizabeth C. McGill. D. E. Finley, assignee. and Kennedy Bros. & Barron, appeal.

*Mr. D. E. Finley,* for appellants, cites: *There being no fraud or mistake, Circuit decree is erroneous:* 2 S. C., 113. *Attorney must be employed:* 16 D., 93; 22 D., 88. *He may be required to produce evidence of the fact:* 16 D., 93; 31 D., 737; 35 D., 443. *He cannot destroy client's cause of action:* 4 S. C., 10; 6 S. C., 406; 1 DeS., 469; 12 S. C., 509; 1 Hill, 185. *Acceptance and release must be absolute—mere offer to do so not effectual:* 43 S. C., 10.

*Mr. T. Y. Williams,* also for appellant, cites: *Releasing creditors entitled to preferences as against non-releasing:* 29 S. C., 520; 35 S. C., 33; 38 S. C., 426; 43 S. C., 5. *Acceptance and release cannot be executed after time fixed in deed:* 35 S. C., 35; 39 S. C., 498. *Attorney for creditors, not attorney in fact, cannot bind his clients:* 39 S. C., 498; 6 S. C., 406; 4 S. C., 10. *Filing acceptance and release is contract that cannot be opened without consent of all:* 1 Rich. Eq., 199; 19 S. E. R., 131.

*Messrs. Witherspoon & Spencer, J. S. Brice, G. W. S. Hart, James T. & John R. Hart, W. W. Lewis* and *Thos. T. McDow,* contra. Of whom Mr. Spencer cites: *As to law of escrow:* 8 Rich. L., 328.

March 19, 1900. The opinion of the Court was delivered by

Mr. Justice Jones. The main controversy in this case is whether the defendant, Elizabeth C. McGill, shall stand as a releasing creditor under the assignment for creditors by Kennedy Bros. & Barron, or shall take rank with the plaintiff and others as a non-releasing creditor. The facts bearing on this controversy as we, concurring with the Circuit Court, find them to be from the evidence, are as follows: Kennedy Brothers & Barron, merchants in Yorkville, S. C.,

being insolvent, executed an assignment for the benefit of creditors to D. E. Finley, as assignee, on the 2d day of June, 1896. The assignment provided for payment ratably to such partnership and individual creditors "as shall within ninety days from the date of these presents accept the terms thereof, and shall execute a release of their respective claims, and file with the assignee." By the terms of the assignment, the time for filing acceptances and releases expired on the 31st day of August, 1896; but in the notice to creditors, prepared by Mr. J. S. Brice, the law partner of D. E. Finley, the assignee, at Mr. Finley's request, September 1st, 1896, was designated as the last day for such releases. Previous to August 31st, 1896, a number of creditors holding small claims filed releases, and on the 29th day of August, 1896, the defendant, E. C. McGill, delivered to the assignee her acceptance and release. On September 1st, 1896, the day named in the assignee's notice, certain creditors by their attorneys met in the office of Mr. Finley, in his absence, and executed among themselves an agreement "not to release their respective claims—provided, that every creditor represented by any of the following members of the York Bar shall by himself or his attorney sign this agreement." The plaintiff and other creditors joining in her contention signed this agreement, and among the signatures thereto was "Miss E. C. McGill, per J. S. Brice, attorney." Mr. Brice and those participating in the agreement honestly believed that he represented the defendant, E. C. McGill, and at the time of the execution Mr. Brice had the note or claim of E. C. McGill in his possession. But, as a matter of fact, Mr. Brice had no authority to represent E. C. McGill in this transaction. While Mr. Brice and Mr. Finley were law partners, Mr. Finley alone had the right to represent her, and had delivered the note to Mr. Brice previously for another purpose. Mr. Finley was not aware of the action of Mr. Brice until some time afterwards, and the defendant, E. C. McGill, was not aware of it and in no way authorized or ratified it. On the contrary, she stands upon her acceptance and

release delivered to the assignee.    Without investigating for
themselves, but relying on the assignee's notice, the parties
to the agreement supposed September 1st, 1896, was the last
day for releases, and at the time of the agreement neither
Mr. Brice nor any of the other parties were aware that Miss
McGill's release had been filed with the assignee on the 29th
August and none of the parties inquired of the assignee as to
what releases had been filed.    Mr. Brice, as stated, believed
he had authority to bind Miss McGill in the agreement, and
the other parties relied on his having such authority.    Pre-
vious to the commencement of this action, the assignee had
paid a dividend to Miss McGill as a releasing creditor, but
this was not sought to be interfered with.    Upon these
facts, substantially, the Circuit Court, while finding that Miss
McGill had filed her release with the assignee on August
29th, nevertheless, because the plaintiff and other creditors
were misled into the agreement not to release on account of
the action of Mr. Brice in assuming to act for Miss McGill
in signing the agreement, even though he had no authority
to act, decreed that said release be set aside, and after direct-
ing certain payments to be made, ordered that the assignee
prorate the balance of the funds in his hands among the
creditors who were present and participated in the meeting
of September 1, 1896, including Miss E. C. McGill, if the
payment already made to her does not exceed what she may
be entitled to receive.

This we think was error.    It is lawful, under our assign-
ment act, to provide for a preference to such creditors as
may accept the terms of the assignment and execute a re-
lease of their claims against the debtor.    When, therefore,
a creditor accepting the conditions releases the debtor within
the reasonable time prescribed, a new contract arises, by
which the debtor is released from further liability and the
creditor secures a preference in the assigned assets over non-
releasing creditors.    Admitting a valid assignment on such
terms and a proper release within the time required, these
rights of both debtor and creditor are fixed and vested.    It

is possible to imagine a case in which a Court of Equity might feel moved to annul such preference, but certainly the facts of this case do not warrant the Court in disturbing the status.    The Circuit Court very properly finds that there is nothing in this case to impugn the motives of any one. Neither the assignors or Miss McGill have been guilty of any fraudulent or improper conduct affecting the right of other creditors to execute releases if they saw fit.    The unauthorized act of Mr. Brice in assuming to represent Miss McGill in signing the agreement not to release, when in fact such signing was without her knowledge or consent, and when she had already in good faith filed her release with the assignee, manifestly furnishes no ground for interference. Those who allow themselves to be misled by the unuauthorized act of one claiming to represent another as attorney in fact, must bear the consequence of their own mistake.

In the foregoing we have assumed that the last day for filing releases with the assignee was September 1st, 1896, the date named in the assignee's notice, and not August 31st, 1896, the date fixed in the assignment. But the terms of the assignment were not subject to alteration by the assignee.    Creditors are bound to take notice of the terms of the assignment.    It was duly recorded, and parties had easy access to inspect the record. We are unwilling to believe that the alert and intelligent counsel representing creditors did not know that the assignment was dated June 2, and that the time for releases expired within ninety days thereafter.    If they choose to rely on the assignee's calculation as to when ninety days after June 2d expired, we cannot help their mistake, to the prejudice of the rights of another creditor who released in due time.    But, indeed, the question whether releases filed with the assignee September 1st, 1896, pursuant to his notice, are to be deemed in time, is not properly before us, because no releases were in fact filed with the assignee on September 1st, 1896.    It does appear that on September 1, 1896, the defendants, Mary B. Pressly, Exchange Bank and James

L. Moss, placed releases in the hands of J. S. Brice for D. E. Finley, assignee, with this condition: "The delivery to be good in each case, provided Miss E. C. McGill's release has been or will during the day be delivered to or for the assignee unconditionally; and otherwise each of the releases is to be returned for cancellation." These defendants on the same day signed the agreement not to release heretofore referred to, and in good faith with that agreement they join in asking the relief sought in the complaint, to the effect that if these releases be established as having been delivered to the assignee in time, that the fund going to them thereby be pro-rated among those who signed the agreement. It appears very probable that Mr. Finley was absent from his place of business in Yorkville on September 1st, but it also appears that no delivery and no attempt to deliver these releases to the assignee was ever made, and that they were subsequently withdrawn from the depository. Under these circumstances, these releases can not be held to have been delivered to the assignee.

The judgment of the Circuit Court is reversed, and the complaint is dismissed.