### 7014

### FOSTER v. FOSTER.

1. EASEMENT—RIGHT OF WAY—REAL PROPERTY.—Conveyance of right of way in lands of intestate by administrator carries no title of heir at law, except the interest, if any, of administrator as heir.

2. REAL PROPERTY—TWO ACTIONS—PARTITION.—An action for partition of a tract of land may be brought after two years after discontinuance of an action for possession of same land.

3. DEEDS—ISSUES—BOUNDARIES.—Where words used in a deed executed under order of Court in describing boundaries of the land conveyed are free from latent ambiguity, the trial Judge should construe and interpret the deed and the opinion of witnesses as to whether the boundaries embraced certain lands is incompetent. Here the deeds made under a former partition proceeding construed in connection with the pleadings to convey the land sought to be here partitioned.

Before DANTZLER, J., Lancaster, March Term, 1907. Reversed.

Action by J. Harry Foster *et al.* against Charlotte R. Foster, Southern Railway Company, and Southern Railway Company—Carolina Division. From judgment for plaintiff, the two defendant railway companies appeal.

*Messrs. Abney & Muller* and *R. B. Allison,* for appellant. *Messrs. Abney & Muller* cite: *Testimony of clerk of court as to whether land in question was included in other deed is not opinion evidence:* 1 Wigmon on Ev., secs. 650, 658; 55 Ala., 387; 102 N. Y., 194; 74 S. C., 251; 41 S. C., 133. *This action is barred by former action for possession of same land:* Code of Proc., sec. 98, sub. 2; 42 S. C., 494; 74 S. C., 298; 5 Strob., 141. *The deeds under former partition included the right of way:* 57 Am. R., 40; 23 Am. R., 229; 32 Am. R., 719; 28 Am. R., 75; 100 Am. St. R., 569.

*Mr. R. B. Allison* cites: *In the former partition proceeding the railway company was not a necessary party:* 7 Metc., 267; 35 S. C., 150. *Where a railroad is mentioned as a boundary the line is in the middle of the track:* 121 Mass., 17; 23 N. Y., 61; *and interest of parties were sold in the former partition:* 67 S. C., 227; 3 Ky., 690; 22 Ala., 99; 36 S. C., 404. *Plaintiffs are now estopped from maintaining this action:* 151 Mass., 510; .3 S. C., 96, 494. *This action is barred by action for possession:* 1 Bail., 68; 5 Strob., 142; 2 Bay., 117; 11 Rich., 24; 42 S. C., 488; 67 S. C., 53.

*Mr. J. Harry Foster* and *Green & Hines,* contra, cite: *This action is not barred by previous action for possession:* 30 S. C., 482; 49 S. C., 1; 15 S. C., 271. *Subrogation does not apply here:* 124 U. S., 534; Fetter on Eq., 256; 41 S. C., 339; 43 Am. St. R., 825; 4 Am. St. R., 584; 21 Am. St. R., 220; 124 U. S., 534; Sheldon on Sub., sec. 240; 35 Am. St. R., 766; 38 Am. St. R., 448; 34 S. C., 377; 93 Am. Dec., 783. *This action is not barred by former action for possession:* 49 S. C., 1; 5 Strob., 141; 11 Rich., 24; 2 Bay., 117; 1 Bail., 68.

September 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The land involved in this case was a part of the property of the late Joseph H. Foster. After

his death his widow, Mrs. Charlotte R. Foster, became administratrix of his estate, and on 20th April, 1887, undertook to grant a right of way over the lands of the estate to the Charleston, Cincinnati and Chicago Railroad Company. That company entered under the grant and appropriated the land described in the complaint to its use as a part of its right of way. The defendant, Southern Railway Company, having acquired the interest of the Charleston, Cincinnati and Chicago Railroad Company, now holds and uses the property as part of its right of way.

The plaintiffs, the children of Joseph H. Foster, allege in their complaint in this action for partition that the railroad company acquired under this grant from Mrs. Foster a one-third interest in the land, and that they are the owners in fee of the remaining two-thirds.

Mrs. Foster by her answer admits all allegations of the complaint, except that the railroad company owns one-third interest in the land under the grant from her, and joins in the prayer of the complaint. The Southern Railway Company sets up the following defense: First. That it acquired a good title to the land for its roadbed and right of way by the grant of Mrs. Foster in 1887. Second. That the plaintiffs brought an action for the recovery of the identical land in the Court of Common Pleas for Lancaster county in 1899, against the South Carolina and Georgia Extension Railroad Company, the lessor and predecessor in title of the Southern Railway Company, and, after issue joined, took an order of discontinuance more than two years before the commencement of the present action; and, therefore, is precluded from bringing this action against the Southern Railway Company under the terms of subdivision 2 of section 98 of Code of Procedure. Third. That in a proceeding to marshal assets and for partition, to which the plaintiffs were parties, all the lands of the estate of Joseph H. Foster, including the fee in the land now in dispute, were sold and duly conveyed to

other persons, and the plaintiffs, therefore, have no interest in the land.

On the trial of the issue of title thus made, after all the evidence was in, the Circuit Judge refused to direct a verdict for defendant, and, after a verdict had been rendered for plaintiffs, refused a motion for a new trial. Error is assigned in the refusal of these motions, in the charge to the jury, and in the exclusion of testimony. As the same points are made in several different forms, it will not be necessary to refer in detail to the thirty exceptions appearing in the record.

The first defense may be at once eliminated from the case, for it is obvious the conveyance of Mrs. Foster could not affect the interests of the plaintiffs, as heirs at law of their father, Joseph H. Foster. *C. & W. C. Ry. Co.* v. *Reynolds,* 69 S. C., 481, 48 S. E., 476.

Due consideration of the effect on this action of the former action for the recovery of the land, as well as of that for partition of the lands of Joseph H. Foster, requires a statement of the relation of the several parties to the land after the execution of the deed of Mrs. Foster, purporting to convey to the railroad company a right of way. Mrs. Foster did not undertake to convey the fee to the railroad company, but only an easement, and, therefore, after the execution of her deed, her relation to the land remained that of tenant in common with her children, her interest having imposed upon it the easement of the railroad right of way, coextensive with her one-third interest. The South Carolina and Georgia Extension Railroad Company, to whose rights the Southern Railway Company succeeds, held under Mrs. Foster's deed an easement in the land occupied as a right of way only to the extent of the one-third interest which Mrs. Foster could convey. Such being the relation of the several parties to the land, the children of Joseph H. Foster brought their action against the South Carolina and Georgia Extension Railroad Company to

recover possession of the entire land held by it as a right of way under the deed made by Mrs. Foster. The evidence shows that action was discontinued more than two years before the commencement of this present action. The defendant insists the delay for more than two years was fatal to this action, and the Circuit Court should have so instructed the jury. The Code of Procedure, section 98, subdivision 2, provides: "The plaintiff, in all actions for recovery of real property, or the recovery of the possession thereof, is hereby limited to two actions for the same, and no more: *Provided,* That the costs of the first action be first paid, and the second action be brought within two years from the rendition of the verdict or judgment in the first action, or from the granting of a nonsuit or discontinuance therein." This statute does not apply, for the former action was for the recovery of real estate, while this is not, but, on the contrary, is an action for partition. On this point the case of *Elmore v. Davis,* 49 S. C., 1, 26 S. E., 898, is conclusive.

We consider next, under the third defense, whether the evidence showed conclusively that the land in dispute was sold in the proceeding instituted by Mrs. Foster against her children, the plaintiffs in this action, for the settlement of Joseph H. Foster's estate. On this issue all evidence tending to establish the sale of this land must be excluded, except that admitted to be true, or offered by the plaintiffs, or appearing in judicial proceedings to which the plaintiffs were parties.

In the first place, it is to be observed, the answer and supplemental complaints, filed for the settlement of the estate, taken together, show on their face an intention to dispose of all lands and settle the entire estate. One of the tracts of land mentioned and described in the complaint was the "Jones tract." and the evidence for the plaintiff shows the land in dispute to be a part of the land known as the "Jones tract." There is no exception or exclusion in the

complaint of the land occupied as a right of way from the general designation and description of the Jones tract; on the contrary, the allegation is, that the plaintiffs and defendants own no other lands in common in this State except those described in the complaint. There cannot be the least doubt that the action comtemplated a sale of all the interests of the parties as heirs of Joseph H. Foster in the Jones tract, as well as all other lands of the estate of Joseph H. Foster.

Under orders of sale, made by the Court in that cause, the clerk of the court sold the Jones tract in these parcels, twenty-five acres more or less, to Mrs. Charlotte R. Foster, one-tenth acre to W. J. Cunningham, and three acres to Dr. R. C. McManus. In the deed to Mrs. Foster the land conveyed is described as "bounded on the north by Charleston, Cincinnati and Chicago Railroad;" and in the separate deeds to McManus and Cunningham, the parcels conveyed to each of them is described as "bounded on the south by the Charleston, Cincinnati and Chicago Railroad." The other boundaries in all three of the deeds are streets or the lands or lots of other persons.

As already observed, the parties to the action, as heirs of Joseph H. Foster, owned the entire fee in the land occupied by the Charletson, Cincinnati and Chicago Railroad Company as a right of way; and as to the children, defendants in that cause, the railroad company did not have even an easement in the land. If it had been the intention to reserve the land occupied by the railroad, the boundary should, and doubtless would, have been given as the land so occupied. When it was in fact given as the railroad itself, the conveyance covered all the land, including that occupied as a right of way, to the center of the railroad track. The precise point here involved was decided in *Witter* v. *Harvey*, 1 McC., 67, 10 Am. Dec., 650, and *Wright* v. *Willoughby*, 79 S. C., 438. The numerous authorities in other jurisdictions to the same effect will be found collated in 9 Cyc., 905.

The opinion of witnesses, as to whether the conveyances made under the order of the Court embraced the land in dispute, could not affect the question, and the Circuit Judge properly excluded them when objection was made. The words used in the deeds made by the clerk of the court, giving the boundaries of the lands conveyed, were free from any latent ambiguity; and the Circuit Judge should have construed and interpreted the deeds, and should have held and instructed the jury that the entire interest of the plaintiffs in the lands in dispute had passed by these deeds to other parties, and hence the plaintiffs had no right of action.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the cause remanded to that Court for a new trial.

MR. JUSTICE GARY *concurs in the result.*