11102

WILLIAMS *ET AL.* v. WANNAMAKER

(115 S. E., 637)

PARTITION—JUDGMENT IN PARTITION PROCEEDINGS NOT WITHIN STATU-
TORY EXCEPTIONS TO DOCTRINE OF RES JUDICATA.—A judgment in
partition is not within the provision of Code Civ. Proc., § 123,
creating an exception to the doctrine of *res judicata,* and is a
complete bar to a second action for the same cause between the
same parties.

Before N. G. EVANS, Special Judge, Calhoun, April, 1922. Affirmed.

Action by Phyllis Williams and others against J. Skottowe Wannamaker. Judgment for defendant, and plaintiffs appeal.

*Messrs. M. J. Frederick, Jacob Moorer* and *N. J. Frederick,* for appellants, cite: *Striking out pleadings:* 97 S. C., 389; 115 S. C., 253; 101 S. C., 449. *Plaintiffs entitled to bring second action:* Code Proc. 1912, Sec. 123; 93 S. C., 161

*Messrs. Raysor, Moss & Lide* and *Wolfe & Berry* for respondent, cite: Sec. 123, Code Proc. 1912, *does not apply to actions for partition:* 49 S. C., 2; 81 S. C., 311; 93 S. C., 165. *Where answer was verified all subsequent pleadings must be:* Code Proc. 1912, Secs. 206, 205, 203.

January 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

There are several exceptions, but only one question need be considered.

The plaintiffs brought their action against the defendants for partition. The judgment was for the defendants. The plaintiffs paid the costs, and within two years brought this action by the same parties, and for the same cause of action.

The plaintiffs claim the right to bring this second action under Section 123 of the Code of Civil Procedure. These actions were for partition.

The general rule is unquestionably that one action between the same parties, for the same cause of action, can be sustained. The first judgment is *res adjudicata.* There is an exception, and that exception is made by Section 123, *supra.*

It was held in *Elmore v. Davis,* 49 S. C., 2; 26 S. E., 898; *Foster v. Foster,* 81 S. C., 307; 62 S. E., 320, and other cases, that actions for partition are not included within the provision of Section 123. Indeed, the case of *Carr v. Mouzon,* 93 S. C. (upon which the appellants rely), at page 166; 76 S. E., 201; Ann. Cas., 1914C, 731, distinctly recognizes the rule.

The judgment is affirmed.

Mr. Chief Justice Gary did not sit.