12853

### LOGAN *ET AL.* v. JONES *ET AL.*

(152 S. E., 518)

October, 1928.

260

262

*Messrs. John T. Seibels,* and *Percy T. Stiers,* for appellants,

*Messrs. Charles D. Jones,* and *Harry Hines,* for re-
pondents.

March 12, 1930.

The opinion of the Court was delivered by Mr. Justice
Blease.

The conclusions reached by his Honor, Circuit Judge
Mann, in this case are satisfactory to this Court. His order,
which will be reported, is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Stab-
ler and Carter concur.

Mr. Justice Cothran (dissenting) : This is an appeal
from an order of his Honor, Judge Mann, sustaining a de-
murrer to the complaint, upon the ground that it shows up-
on its face, that the action is one for the recovery of real
estate, and that it is the third action upon the same cause of
action, contrary to the provisions of Section 317 of the Code
of Civil Procedure, which limits such actions to two.

The following facts appear in the transcript of record:
On February 13, 1924, certain plaintiffs brought an action
for the recovery of a certain square of land in the City of
Lancaster; on the same day, the plaintiff discovering that
one of the interested parties had been omitted as a party
plaintiff and that one of the plaintiffs had been improperly
named, prepared, and had served a new summons and a new
complaint making the corrections. The defendant answered
both complaints, and did not plead the pendency of the first
action. At the October, 1924, term of Court, the plaintiffs
took an order in each case discontinuing it and paid up the
costs of both supposed actions. The plaintiffs then brought
the present action, serving new summons and complaint.
They were the same as in the other proceedings, except that
one of the plaintiffs had in the meantime died and his heirs
were among the plaintiffs and two other parties were named
as plaintiffs.

Counsel for the plaintiffs evidently were inadvertent to
the fact that it was not necessary to institute a new action

to correct the omission and mistake above referred to, which could have been readily corrected by amendment. Manifestly this was their purpose, and I think that the second action should be considered merely an amendment to the first. That being so, the present action is the second action, and should be so considered as within the limitation of Section 317.

It is insisted that the plaintiffs are concluded by the allegation in the present complaint: "That some of the above-named persons and others *heretofore brought two actions* against the said Charles :D. Jones for the lot," etc. If as a conclusion of law it appears that there were not two actions, but that the second was but an amendment of the first, we do not think that the plaintiffs should be held to their misconception.

It follows that the order sustaining the demurrer was erroneous and should be reversed.