18473

C. W. LADD, Appellant, v. Eugene L. DuPRE, Respondent
(147 S. E. (2d) 253)

*Jesse M. Ray, Esq.,* of Greenville, *for Appellant,*

*Messrs. Ninestein & Pettit,* of Walhalla, *for Respondent,*

March 9, 1966.

Lewis, Justice.

The question to be decided in this appeal is whether Section 10-2402 of the 1962 Code of Laws, which permits a plaintiff to maintain two actions for the recovery of real property or the possession thereof, applies so as to allow a losing defendant in such an action to become a plaintiff and bring a second action between the same parties to regain possession lost under the judgment in the first.

This is the second action between the same parties involving their respective rights to possession of a tract of land in Oconee County. The first was brought by the defendant in this action against the present plaintiff and resulted in the entry of a final judgment awarding possession of the land involved to the present defendant (plaintiff in that action) and damages in the amount of $1000.00. After the present plaintiff (defendant there) lost in the prior action, he instituted this action to regain possession of the land. The defendant has alleged in his answer the prior judgment between the parties as a bar to the right of the plaintiff to maintain this action. Upon the filing of the answer, the plaintiff interposed a demurrer to the foregoing defense upon the ground that the prior judgment did not constitute a bar to this action in that Section 10-2402, *supra,* permits a second action for the recovery of possession of real property. The lower court, holding that Section 10-2402 was inapplicable to the present situation and that the prior judgment was *res judicata,* overruled the demurrer and dismissed the complaint; from which ruling the plaintiff has prosecuted this appeal.

The plaintiff bases his right to bring the present action solely upon the provisions of Section 10-2402; for otherwise it is conceded that the principles of *res judicata* would apply so as to constitute the prior judgment between the parties a bar to the maintenance of this action.

The answer to the present question then turns upon the construction to be placed upon Section 10-2402. This section is as follows:

"The plaintiff in all actions for recovery of real property or the recovery of the possession thereof is hereby limited to two actions for such recovery and no more. And before any second such action shall be brought the costs of the first action shall be first paid."

The statute must be construed in the light of the common law rule, recognized in this State, which permitted a plaintiff to bring any number of actions for the recovery of the same real property. In *Carr v. Mouzon,* 93 S. C. 161, 76 S. E. 201, 202, this rule is stated as follows:

"At common law there was no limit to the number of actions of ejectment which a plaintiff might bring for the recovery of the same real property, and, as each was based upon the fiction of a different lease, entry, and ouster, they were not within the principles of *res judicata,* because the parties were not the same, and the cause of action was different. While the difference in the parties was only nominal and in the cause of action only technical, the courts nevertheless refused to apply the general principles of *res judicata* to such actions supposedly because, by the common law of England, the title and right to the possession of real property was regarded with special favor, and it was thought that such important rights should not be finally determined by one action. No doubt, also, the fact that the plaintiff in such actions labored under so many disadvantages, as compared to the defendant in possession, and there were so many obstacles to be overcome in the prosecution of his action, fortified the idea that his claim should not be concluded by a single action."

As a result of the great inconvenience and injustice which resulted to a party in possession of real property from such unlimited right of action on the part of claimants and as changes were made in legal procedure, the reasons for the adoption of the foregoing common law rule largely disappeared and caused the enactment of the present statute limiting the number of such actions on the part of the plaintiff to two. As stated in *Logan v. Jones,* 155 S. C. 258, 152 S. E. 518, 520: "The statute was enacted, not only to limit the right of a person to two actions for the recovery of real estate, but it was intended also to protect a person in possession of, and claiming title to, real estate. Such person has a right some time to be relieved of continued attacks on his title by the same person, or those claiming under him. It is a statute of repose, and should be so construed."

We do not think that the language of the statute, when construed in the light of the common law rule which it was clearly designed to limit, can be properly construed to confer the right to bring two actions for the recovery of real property regardless of the outcome of the first. The fact that the statute limits *the plaintiff* to two actions is significant.

An action for the recovery of real property presupposes that the defendant therein is in possession of the land in dispute, and is predicated upon his refusal to surrender possession to the plaintiff. *Carr v. Mouzon, supra.* Under the common law rule, one out of possession could bring successive actions to recover possession. The present statute limited the number of such actions to two. It simply means that a party out of possession, who loses his first action, shall have a second action, but was never intended to modify the doctrine of *res judicata* otherwise. It was never intended to give one in possession, who is ousted under a final judgment, the right to bring another action involving the identical issues to regain such lost possession.

The lower court correctly held that the present action is barred by the judgment in the prior action, and that the statute in question is inapplicable. The demurrer was accordingly properly overruled.

While the defendant has raised an additional question, he concedes that the result reached herein disposes for all practical purposes of all issues in the appeal.

Affirmed.

Moss, Acting C. J., Bussey and Brailsford, JJ., and Legge, Acting J., concur.