REAMS v. SPANN.

1. The heirs of A, the proper parties plaintiff, being before the court, but
   claiming as the heirs of B, they should be allowed to amend by giving·
   to themselves their proper description.
2. Where plaintiff brings action for partition, alleging that two of the
   defendants are in possession, who answer claiming title, the rights of
   these defendants involve a legal issue which must first be determined
   by trial by jury before the matter of partition can be heard.   Upon
   the question of ·title, it is not a case for an issue out of chancery, but
   for a trial by jury at law.

Before KERSHAW, J., Sumter, May, 1887.

This was an action for partition.   The complaint alleged that
the defendants, Henry and J. McRea. were in possession.   These
two defendants answered, denying the allegations of the complaint,
and claiming to hold by adverse possession.   The opinion states
the case.

*Messrs. Moises & Lee,* for appellants.

*Messrs. Earle & Purdy,* contra.

April 23, 1888.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This was an action to recover real
estate, and incidentally thereto to partition the same, brought by
a number of persons "as the surviving heirs of Elizabeth Spann,"
who died many years ago (in 1840), leaving a will, by which she
devised to her six children a tract of land, coupled with this pro- .
vision : "Should any of my children die leaving no child or chil-
dren, the property herein given I wish divided among my sur-
viving children."   In the year 1841 partition was made among

the children, and parcels Nos. 2 and 3 were allotted respectively to two of the said children, viz., Martha E. and Sarah A. Spann, both of whom died (the time does not appear) intestate and without issue, never having been married. The two lots named adjoin, making together 190 acres, which is the land here in contention.

The "Case" is very meagre, but we gather that Henry and J. J. McRea, in some way or other, are in possession of the land, and the plaintiffs, as "the surviving heirs of Elizabeth Spann," brought the action for the double purpose of first recovering the land from the McReas, and then having it partitioned among themselves, or sold. The plaintiffs proved that the land formerly belonged to Mrs. Elizabeth Spann, and passed under her will, and their relationship to her and the possession of the defendants, and rested. The defendants (McReas) offered no evidence, either as to the title they held under or the length of their possession, but moved to dismiss the complaint on the ground that the plaintiffs could have no interest in the land as "the heirs of Mrs. Spann," for the reason that under her will there was no good limitation over, but that the first takers (the six children) had an absolute interest in their respective shares; and that only "the heirs of the deceased daughters," or their alienees, had any interest in the land.

Judge Kershaw refused the motion, holding "that the children of testatrix (Elizabeth Spann), who survived her, were the persons who took the interests limited over at the death of any of the children who should die without leaving children at her death;" and that the rights and interests of the parties are correctly set forth in the complaint, and that the plaintiffs and two of the defendants named are entitled to partition to and among them of the real estate described," &c. From this decree appeal was taken to this court, which reversed it and ordered a new trial.[1] When the case went back to the Circuit, the judge, upon motion of the plaintiffs' attorney, made an order setting down certain "issues to be tried by a jury," as follows: "1. Are the plaintiffs and the defendants, W. F. and Mary V. Spann, the owners in fee simple of the land described in the complaint, or

---

[1] See 26 *S. C.*, 561.

any part thereof? 2. Are any of the plaintiffs and the defendants, W. F. and Mary V. Spann, entitled to the land described in the complaint, or any part thereof? 3. Did the defendants have actual possession of the land described, holding the same, or any part thereof, adversely for more than ten years before the commencement of the action? That in the trial of said issues the plaintiffs shall be the actors and Henry and J. J. McRea defendants," &c.

From this order Henry and J. J. McRea appeal to this court upon the following grounds: "1. Because the Supreme Court having decided that the first takers under the will of Elizabeth Spann took absolute estates, the plaintiffs herein are now without a standing in court, and are not entitled to said order. II. Because, under the pleadings and the rulings of the Supreme Court there is no issue presented which can be referred to a jury. III. Because the issues, as framed, present no questions of fact under the pleadings, but merely conclusions of law. IV. Because the issues referred do not comprise and specify the questions to be passed upon, but leave it to a jury to say, if, under any circumstances, 'the plaintiffs,' or 'any of the plaintiffs,' are entitled to the land described in the complaint. V. Because, under the present status of the said case, there was no authority of law to make the said order. VI. Because said order would, in effect, change the whole scope of the action."

This is certainly a very peculiar case, but, as we gather it, the defendants insist that the plaintiffs, characterized in the complaint as "heirs at law of Mrs. Spann," cannot now, since the judgment of the Supreme Court holding that the deceased daughters took absolute estates, maintain their action; that only "the heirs of the deceased daughters" are entitled. But it happens that those who are described in the complaint as "heirs of Mrs. Spann," are also the heirs of the daughters; and it is contended for them that being the parties, the persons entitled to bring or continue the action under the decision of the Supreme Court, they will not be deprived of that right, merely for the reason that they, the proper parties before the decision of the Supreme Court, were without precise technical accuracy styled "heirs of Elizabeth Spann." The right parties are before the court, however they

may be described; and as such right parties, we know of no reason why they might not, if so advised, move to amend their complaint by striking out the *descriptio personæ*, and proceed with the new trial ordered.

It seems to us that the case embraced two causes of action—one purely legal for the recovery of the land from the McReas, and the other equitable—for partition after the land was recovered. The legal issue should therefore have been first tried by a jury; and if that resulted in favor of the plaintiffs, then, and not till then, could the court, on its equity side, decree partition—as in *Adickes* v. *Lowry*, 12 *S. C.*, 97. In the trial of the legal issue, the action being for the recovery of specific real property, the question of title should have been submitted to a jury upon the issues made by the pleadings. As we understand it, the right of a party to demand a trial by jury under section 274 of the Code, in an action for the recovery of specific property, differs very materially from any right concerning "issues from chancery." So far as the McReas are concerned, this is simply an action for the recovery of a tract of land. *McGee* v. *Hall*, 23 *S. C.*, 392; *Gibbes* v. *Elliott*, 5 *Rich. Eq.*, 327; *Albergottie* v. *Chaplin*, 10 *Id.*, 428.

Besides, the "issues" framed are so general in their character, as, for instance: "Whether the plaintiffs are the owners in fee simple, or are entitled to the land in dispute," &c., as practically to supersede the decision already made and to authorize the plaintiffs to bring a new action of ejectment, when one of that character, certainly as to the question of titles, was already then and there pending. Upon the question of title it is not a case for "issues from chancery."

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial, with leave to the plaintiffs to amend their complaint so as to claim as heirs at law of Martha E. and Sarah A. Spann, instead of under Mrs. Elizabeth Spann.