## 8875

### MITCHUM v. SHAW *ET AL.*

### (82 S. E. 401.)

ACTIONS TO RECOVER REAL PROPERTY. LIMITATIONS OF ACTIONS.

1. An action by one of several alleged tenants in common against a third party in possession of lands claiming adversely to them, and the other alleged cotenants with plaintiff, to eject said third party, and partition the land among the cotenants, is an action against said third party for recovery of possession of land.

2. Where plaintiff, or those under whom he claims, have had two actions against a person in possession of lands claiming adversely to him or them, any further action by plaintiff to recover possession of such lands is barred.

Before SPAIN, J., Bamberg, March, 1913. Reversed.

Action by Henry Mitchum against Emma R. Shaw, Minerva Kinard, Henry Chassereau, Willie Chassereau, G. B. Clayton and J. F. Connelly. From decree for plaintiffs, Clayton and Connelly appeal.

*Messrs. Carter & Carter,* for appellants, cite: 17 Stats. at Large 76; 28 S. C. 532; 81 S. E. 307 and 49 S. C. 1.

*Messrs. Mayfield & Free,* for respondent, cite: 49 S. C. 4; 81 S. E. 301; 37 S. C. 77; Code Civil Proc. 123.

July 15, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This action involves the right to fifty acres of land.

It professes to be an action for partition; the Circuit Court so held, and ordered partition.

The real defendant, G. B. Clayton, has appealed, and stated nine exceptions, but there are but two issues, and they of law.

Confessedly, the land formerly belonged to Isaac Chassereau; he conveyed it by deed to his wife, Mary, by a peculiar instrument, which the Circuit Court has construed; but which deed is not relevant to the issues upon which the cause must be decided.

Mary conveyed the land by way of mortgage to the Bank of Hampton.

That mortgage was foreclosed, and Clayton became the purchaser, at second hand, from the bank, and has been in possession of the land since 1904, claiming it as his own. Connelly is his tenant.

Mary died at an unascertained day, before 1905. Isaac died at an unascertained day.

The two left six children, to wit: Emma R. Shaw, Sarah R. Rentz, M. Cornelia Mitchum, M. E. Chassereau, D. W. Chassereau, and W. J. Chassereau.

The last named died and left six children, to wit; Minerva Kinard and Henry, Willie, Wyman, Jere and George Chassereau (4th paragraph complaint).

Before the commencement of this action in 1911, there were two actions to recover this same land, one in 1905 and one in 1906. The parties thereto will be referred to hereinafter.

These actions were confessedly for the recovery of real property. If this action is of the same character, and by the same parties or their representatives, then it is barred by the statute, sec. 123, Code of Civil Procedure.

The plaintiff, however, stoutly contends that this is not an action for the recovery of real property, but an action for the partition of real property; and for authority he cites: *Elmore* v. *Davis,* 49 S. C. 1, 26 S. E. 898, and *Foster* v. *Foster,* 81 S. C. 301, 62 S. E. 320.

It is true, the Court said in the former case, that the character of the action is determinable by the complaint, and not by the answer, which may raise the question of title.

If that be so, the complaint in the case at bar is conclusive that this is not an action for partition so far as Clayton is concerned.

The 5th paragraph alleges that the *whole title* is in other parties to the action than Clayton. If that be so, Clayton is wrongfully in possession (the complaint alleges he is in possession), and the only remedy to be had against him is to eject him.

But on that issue the Constitution gives him the right to a trial by jury. He has no interest in a partition betwixt the owners of the whole title.

It would be a feigned procedure, and in total denial of the right of trial by jury, to allow three persons to litigate between themselves the division of a title, and in doing that to put out of possession a fourth party on the land and claiming it as his own. Yet that is this case. *Reams* v. *Spann,* 28 S. C. 530, 6 S. E. 325.

Thereupon the second issue arises, and it is this: has the plaintiff heretofore had two actions to recover this land?

In 1905 all the children of Isaac and Mary, except M. Elmo Chassereau, sued the defendant, Clayton, for the recovery of the land. That action was discontinued. In the same year, Henry Mitchum, the present sole plaintiff, secured, to be made to himself, a deed of their interests, from all the heirs of Isaac and Mary, except Emma Shaw, who held one-sixth, and three children of John, who together held one-twelfth.

12—98.

In the next year, 1906, Henry Mitchum, Emma Shaw and one of the children of John, sued the defendant Clayton, and the Bank of Hampton for the recovery of the land. That action was discontinued.

In 1911 the action now at bar was brought by Henry Mitchum, sole plaintiff.

The two actions first named were confessedly to recover possession of the same land; they were against the same defendant; they set up the same offensive title, and Henry Mitchum or his assignors was the plaintiff.

By the law of the land, the defendant, Clayton, may not now for the third time be haled into Court by these plaintiffs; they are limited to two actions and no more.

The judgment of the Circuit Court is reversed and the complaint is dismissed.