10181

WALSH *ET AL.* v. EVANS *ET AL.*

(99 S. E. 546.)

EJECTMENT — SUCCESSIVE ACTIONS — "ACTION FOR RECOVERY OF REAL PROPERTY"—PARTITION.—Under Code Civ. Proc. 1912, sec. 123, limiting a person to two "actions for recovery of real property or the recovery of the possession thereof," plaintiffs had no right to bring action for recovery of possession of property, where they had previously instituted, against the defendant, two actions in partition involving the issue of whether defendant's title was paramount to that of plaintiffs, such actions, in view of secs. 2, 114, 307, and 309, being "actions for recovery of real property."

Before MEMMINGER, J., Richland, Spring term, ——. Affirmed.

Action by William J. Walsh and others against Matilda A. Evans and others. Judgment of nonsuit, and plaintiffs appeal.

Code Civ. Proc. 1912, sec. 123, is as follows:

"1. No action for recovery of real property, or for the recovery of the possession thereof, shall be maintained, unless it appears that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within ten years before the commencement of such action.

"2. The plaintiff in all actions for recovery of real property, or the recovery of the possession thereof, is hereby limited to two actions for the same, and no more: *Provided,* That the costs of the first action be first paid, and the second action be brought within two years from the rendition of the verdict or judgment in the first action, or from the granting of a nonsuit or discontinuance therein."

*Messrs. J. H. Cooper* and *Wm. N. Graydon,* for appellant, submit: *It is the allegations of the complaint, which determines what the action is:* 49 S. C. 1; 58 S. C. 549; 81 S. C. 311; 98 S. C. 175. *An admission of law does not bind a litigant:.*76 S. C. 561; 1 Wharton Evidence 283; 2 Wharton Evidence 1189; 4 Cyc. 950. *The Court will not consider additional grounds to sustain a nonsuit:* 107 S. C. 367; 78 S. C. 127.

*Messrs. Tompkins, Barnett & McDonald,* for respondent, submit: *The plaintiff in all actions for the recovery of real property or the recovery of the possession thereof is hereby limited to two actions for the same, and no more:* Code of Civil Procedure 1912, section 123, subd. 2. *The trial Judge was correct in holding that this was the third action brought by plaintiffs to recover the real estate described in the complaint, and could not be maintained under section 123 of the Code of Procedure—the allegations of the complaint before*

*the Court being very different from those of the complaint in Elmore v. Davis,* 49 S. C. 1; 54 S. C. 356; 58 S. C. 550; 31 S. C. 266; 54 S. C. 359; 98 S. C. 177; 28 S. C. 539, 531; 47 S. C. 117; 98 S. C. 175. *This Court has held that additional grounds to sustain an order of nonsuit will not be considered by it, but that was because the grounds were not submitted in writing to the trial Judge as required by rule XVIII of the Circuit Court:* 53 S. C. 139; 63 S. C. 566; 64 S. C. 579; 67 S. C. 551. *This Court has held in numerous cases, that, if the record shows that the nonsuit was properly refused, the grounds assigned by the presiding Judge are immaterial, and this Court will sustain the order refusing the nonsuit:* 73 S. C. 434. *The converse of this proposition is also true:* Rule 5, sec. —, of the Supreme Court. *The failure of plaintiff to pay the costs of the previous actions is a bar to present action:* 42 S. C. 499; 47 S. C. 117. *The order of nonsuit should be sustained because the undisputed evidence shows that the plaintiffs, their ancestors, predecessors or grantors were not seized or possessed of the premises within ten years before the commencement of this action:* Code of Civil Procedure 1912, sec. 125, subd. 1. *The nonsuit should be sustained on the ground that plaintiffs failed to establish their right by either of the following ways:* (1) *By connecting their title by deed or deeds to a grant from the State; or* (2) *by proving possession in themselves or those under whom they claim as will authorize the presumption of a grant, which possession must be continuous and adverse for a period of twenty years; or* (3) *by showing that before the commencement of this action they had acquired title by adverse possession, by holding the tract in question for a period of ten years continuously in themselves, or such possession in one person under whom they claim; or* (4) *by proving title from a common source:* 15 S. C. 269; 71 S. C. 327; 86 S. C. 327.

April 7, 1919.

The opinion of the Court was delivered by Mr. Justice Gage.

The appeal involves the application of section 123 of the Code of Civil Procedure to the facts of the instant case. Let that section be reported. The issue of law is: Have the plaintiffs brought, before the instant one, an action to recover the real property now by the instant action confessedly sought to be recovered?

There is no question made about the performance by the plaintiffs of the proviso to the statute; for the costs of the first action were not paid, and the instant action was not brought within two years specified by the statute. The plaintiffs' only present contention is that the two former actions, for there were two before the instant action, were not "for the recovery of real property," and that so much conclusively and exclusively appears from the complaints in these two actions.

The plaintiffs and the defendant, Lindsay Walsh, have never been in actual possession of the real property; they reside in the State of Tennessee; they claim as bodily heirs of Thomas and Rosana under the limitations of a deed made by O'Hanlon in 1854 to Thomas and Rosana Walsh, with this habendum:

"To have and to hold all and singular the premises before mentioned unto the said Thomas H. Walsh and Rosana Walsh for and during the term of their natural life, and to the survivor during his or her natural life, and in the event of the decease of both the said Thomas H. Walsh and Rosana Walsh then to the heirs of their body, lawfully begotten, in fee simple forever, not subject, however, during the joint life of the said Thomas H. Walsh and Rosana Walsh, to any contract, debt, or engagement made by them, or either of them, nor alike subject to any debt, contract, or engagement by the survivor."

The testimony tends to prove that Thomas died about 1888 and Rosana died in 1907. The testimony tends to prove that Evans got a paper title to the premises in 1906, and after some litigation with others than the plaintiffs she was put into possession in 1910.

In 1910 the plaintiffs brought an action, setting out their title under the O'Hanlon deed and their right to have the premises partitioned betwixt themselves; and they therein alleged:

"That the plaintiffs have been informed that Matilda A. Evans, as trustee, Peter Jones, and Mattie Jones, defendants, claim to have some interest antagonistic to and inconsistent with the rights of the other parties in this action and are, therefore, proper parties to these proceedings."

Evans was a party defendant to that action; she answered and set up paramount title in herself. On February 7, 1911, on motion of Evans' attorney, the action was discontinued because of the plaintiffs' failure to give security for costs.

In 1914 the plaintiffs brought a second action, identical with that of 1910, and Evans made like answer. That action was nonsuited also for the failure of the plaintiffs to give security for costs.

As before stated, the instant action was brought, on the same O'Hanlon deed, in January, 1917. It is therein alleged that Evans is in possession of the premises, and the suit is confessedly to recover the possession from her. On this state of facts the Circuit Court applied the statute and granted a nonsuit. In that the Court was right.

The statute (section 123, Code of Civil Procedure) was enacted, not to give two actions to a person who might sue to recover real property, but to "limit" such a person to two actions. Before the enactment of the statute there was strangely no limit to the number of such actions by the same plaintiff against the same defendant. The history of the statute was traced with perspicuous elaboration in *Carr v. Mouzon*, 93 S. C. 163, 76 S. E. 201, Ann. Cas. 1914c, 731.

The intention of the legislature was plainly to protect persons from burdensome litigation about real property. The statute under consideration (section 123) must be construed along with sections 2, 114, 307, and 309 of the same instrument. When section 123 speaks of "action," that word is used in the sense that, it was aforetime defined in sections 2 and 114, as an "ordinary proceeding * * * by which a *party* prosecutes *another party* for the enforcement * * * of a right." (The italics are supplied.) Out of actions *issues* arise upon the pleadings, * * * when a fact is maintained by the one party and controverted by another party by the answer, or *upon new matter* in the answer controverted by the reply. Sections 307 and 309. (The italics are supplied.)

The pleadings (complaint, answer, and reply) in the actions of 1910 and 1914 made the issue, and that issue was: To whom did the real property belong—to the Walshes or the Evanses? The Code of Procedure abolished forms. Section 114. The character of an action is not to be determined by the terminology which the pleadings may chance to give to it. On the contrary, the character of an action is fixed by the events which the pleaders have recited, the one to enforce a right and the other to resist such an enforcement, or to set up another. right. When, therefore, the defendant, Evans, in 1910 and in 1914 was attacked, and when she then raised her flag of dominion, the issue was made; and the plaintiffs were bound at their peril to proceed to trial.

But the appellants cite against this view of the law three cases. They are *Elmore v. Davis,* 49 S. C. 3, 26 S. E. 898; *Hall v. Boatwright,* 58 S. C. 544, 36 S. E. 1001, 79 Am. St. Rep. 864; *Foster v. Foster,* 81 S. C. 311, 62 S. E. 320. It is pertinent, therefore, to make some brief discrimination betwixt the facts of those cases and the facts of the instant case, and in an inverse order from that in which the cases are cited.

In the Foster case the Elmore case is simply cited to sustain one of the postulates of the Foster case. The first action in the Foster case was by the heirs of Dr. Foster against the railroad company to recover possession of a strip of land on which the widow only had undertaken to impose an easement for the railroad's right of way. The second action was by the widow and children of Dr. Foster to partition betwixt themselves land on part of which the easement rested, and to that the railroad company was made party.

There was no denial in the second action of the railroad company's right of easement; but the only contention was that such easement rested alone on Mrs. Foster's third interest. To such second action the statute in question had plainly no application.

In the Hall case the Elmore case is also cited to sustain one and the last of the postulates of the Hall case. But the Hall case involved a construction of the betterment statute (section 3526, *et seq.,* Civil Code of Laws) ; and the instant section of the Code of Procedure had no necessary application to it, save by a supposed analogy.

It is true that the dictum of the Elmore case, and it is dictum only, does sustain the contention of the appellants; but it is impossible to gather from the report of the case what issues were made by the pleadings in either the first or the second action. The opinion does state that the first action was one for partition, and that the defendants raised in that action the issue of title by their answer. It is not apparent, though, from the opinion, what issues were made by the pleadings in the second action; the answer in that action is not set out, and we do not know what it was.

It does appear from the opinion that the plaintiff and the defendants were devisees of an unnamed testator, and that there was no allegation in the complaint "of ouster by the defendants, in conflict with the allegation of seizure and possession of the plaintiff as cotenant," and that the plaintiff was seeking partition and an accounting by some of the

cotenants for exclusive enjoyment of the entire rents.    The answer not appearing, the second action was, of course, one for partition, and the statute in question had no application.

It was suggested in the Hall case that, should the complaint in an action for partition (as in *Reams v. Spann,* 28 S. C. 530, 6 S. E. 325) "tender an issue of title as to those defendants who were not concerned with the plaintiffs as cotenants, but were strangers in possession," in such event the case would amount to an action to recover real property. See *Mitchum v. Shaw,* 98 S. C. 177, 82 S. E. 401.    That is the case at bar, save the issue of title was tendered by the answer of a defendant, a stranger in possession and not concerned with the plaintiff as cotenant.    Whenever the *issue* is made by the pleadings, no matter by which party, that circumstance fixes the character of the action.    Sections of the Code, *supra.*

Aside from this view, and in accord with the dicta in the Elmore case, it reasonably appeared from complaint in the actions of 1910 and 1914 that the plaintiffs claimed legal title as remaindermen, and that they were not in actual possession, for they were nonresidents, and that Evans claimed an interest *antagonistic to* and *inconsistent with* the rights of the other parties to the action.    The plaintiffs were alleged owners of the paper title as tenants in common out of possession, and inferentially suing a stranger in possession.

The decision is not, however, rested on that construction of the complaints of 1910 and 1914, but on a construction of the Code of Procedure.    The defendant, Evans, plainly pleaded by the answers in the actions of 1910 and 1914 a paramount title to that of the plaintiffs, and the two pleadings, as we have before concluded, fixed the issue that was made, and thereby fixed the character of the action as one to recover real property.

This disposes of the cause, and there is no need to consider the sustaining grounds of the respondent.

The order below is affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.