19929

Mattie Lee WINN et al., Appellants, v. C. L. GRANTHAM et al., Respondents

(210 S. E. (2d) 602)

*Messrs. McDonald, Cox & Stilwell,* of Greenville, *for Appellants,*

*Messrs. Acker and Acker,* of Pickens, *for Respondents,*

December 12, 1974.

LITTLEJOHN, Justice:

This action comes by way of appeal from a summary judgment. The sole question to be decided is whether §§ 10-2402 and 10-124 of the Code of Laws of South Carolina (1962) apply. These sections permit a plaintiff to bring two actions against the same party for the recovery or possession of real property.

Appellants initiated the first action in July 1972, at which time they alleged that respondents were trespassing and encroaching upon their property. Appellants and respondents own adjoining lots and appellants alleged that respondents "erected a building, parking lot and concrete drainage ditch on a portion of the property claimed and/or occupied by them, and in doing so have taken possession of a strip of property belonging to Plaintiffs, . . ." The lower court held that there was "no encroachment or trespass on the part of [respondents]."

This present action was initiated in November 1973. The action raised the same issues and involved the same parties. In their answer the respondents alleged that the order terminating the first suit established a permanent boundary line between respondents and appellants and thus it was "a ban to the present action" as the matter is *res judicata.*

A motion for a summary judgment was granted. The court held that the first action was *res judicata.* The lower court, by ruling the first action to be one to establish a

dividing line rather than to recover real property, held §§ 10-2402 and 10-124 of the Code inapplicable. We disagree.

Section 10-2402 reads as follows:

"Plaintiff may bring second action for recovery of real estate.—The plaintiff in all actions for recovery of real property or the recovery of the possession thereof is hereby limited to two actions for such recovery and no more. And before any second such action shall be brought the costs of the first action shall be first paid."

Section 10-124 reads in part as follows:

"First and second actions by individual for recovery of land.—No action for the recovery of real property or for the recovery of the possession thereof shall be maintained unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises in question within ten years before the commencement of such action.

"A second action for the recovery of real property shall be brought within two years from the rendition of the verdict or judgment in the first action . . ."

No question was raised as to the costs of the first suit being paid, the possession of the premises, or the bringing of the second action within two years. The only dispute was whether the first action was one to recover the possession of real property.

In *Walsh v. Evans*, 112 S. C. 131, 99 S. E. 546 (1919), this Court held that in determining whether a proceeding is an action for the recovery of real property within the meaning of § 10-124 the pleadings as a whole must be considered.

In the first action, appellants alleged in their complaint that respondents' structures would continue to trespass until removed. Appellants prayed that the court establish a boundary line, that the court award a rental value for the

period of time encroached, and that the structures be removed from their property.

In their answer the respondents alleged that they were not trespassing and that they owned the land that was in dispute.

Considering the pleadings as a whole, there can be no doubt that the first action was one to recover possession of the land involved. In *Walsh* this Court held that when a defendant's right to property is attacked and in his answer he raises the "flag of dominion" the issue of recovery has been established.

The fact that appellant may have prayed for the establishment of a boundary line is of no significance. In *Walsh* this Court said: "The character of an action is not to be determined by the terminology which the pleaders may chance to give it." 112 S. C. at 548, 99 S. E. at 548.

Section 10-2402, although allowing a plaintiff to bring a second action, does not grant the right to bring two actions. Prior to the adoption of this statute, the common law allowed a party to bring any number of actions for the recovery of real property. The statute changed the common law and limits the number of actions to two. It relieves a defendant from continued attacks on his title.

This right to bring two actions is an exception to the law of *res judicata*.

Accordingly, the order of the lower court is reversed and the case is remanded.

Moss, C. J., Lewis and Bussey, JJ., and J. B. Ness, Acting Associate Justice, concur.