THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Portside Owners
 Association, Inc., Appellant,
 
 
 

v.

 
 
 
 South Beach
 Racquet Club, Inc., Respondent.
 
 
 

Appeal From Beaufort County
Curtis L. Coltrane, Circuit Court Judge
Unpublished Opinion No. 2008-UP-153
Submitted January 1, 2008  Filed March
 11, 2008
AFFIRMED

 
 
 
 Roberts  Vaux, of Bluffton; for Appellant.
 Drew A. Laughlin, of Hilton Head Island; for Respondent.
 
 
 

PER CURIAM:  Portside
 Owners Association, Inc. (Portside) filed this action against South Beach
 Racquet Club, Inc. (South Beach), seeking a determination of the parties
 rights to a tract of real property.  South Beach prevailed at trial, and
 Portside appeals.  We affirm. [1]
FACTS
In
 1985, Charles Fraser created three corporations known as Beachside-Portside,
 Inc. (Beachside), Portside, and South Beach.  On September 29, 1986, Fraser
 conveyed six building lots, a common area, and a 50' access easement (the 50'
 Tract) to Beachside.
On
 September 30, 1986, Beachside recorded a Declaration of Covenants, Conditions
 and Restrictions for the six lots, common area, and 50' Tract comprising
 Portside Subdivision.  The covenants granted to the Portside homeowners the
 right to transfer interests in the common area.  In the covenants, Beachside
 reserved to itself a right to exercise the powers granted to Portside without
 the Portside owners consent.  However, this right expired if Beachside no
 longer owned at least two of the six lots.  By December 30, 1986, Beachside had
 conveyed all six of the residential lots to third parties. 
In
 1987 or 1988, South Beach prepared to build four tennis courts.  At the time, Fraser
 possessed a controlling interest in South Beach.  On May 26, 1987, Fraser, as
 president and on behalf of Beachside, wrote a letter to South Beach acknowledging and consenting to encroachment of the tennis courts into the 50' Tract (the
 Encroachment Letter).  The courts were built by 1988 and encroached into the 50'
 Tract. 
On
 May 14, 1992, Beachside conveyed a perpetual, non-exclusive Easement and
 right-of-way for ingress and egress on, over and across the [50' Tract] to South Beach in an Access Easement (the Easement).  The Easement was recorded on October
 30, 1992.  In addition to the rights of ingress and egress, the Easement stated
 South Beach shall have the right to maintain such portions thereof as Grantee
 is presently maintaining for use as parking and landscaped areas, including the
 right, at the sole cost and expense of Grantee, to install such paving,
 curbing, drainage and irrigation facilities, and other similar or related improvements
 as Grantee shall require. 
Beachside
 conveyed the 50' Tract to Portside in a quit-claim deed, dated May 1, 1992, and
 recorded on November 6, 1992.  The deed states on its face that it is subject
 to an easement for ingress and egress and parking reserved to South Beach
 Racquet Club, Inc. in that certain document entitled Access Easement, dated May
 14, 1992, by and between Grantor and South Beach Racquet Club, Inc. 
Approximately
 twelve years later, Portside filed this action on February 20, 2004, alleging the
 Easement and Encroachment Letter are invalid, thus South Beachs use of the
 Tract constitutes trespass.  Portside also sought declaratory relief.  The
 trial court found if Portsides action against South Beachs use of the Tract
 is based on a breach of covenants, it is barred by the three year statute of
 limitations.  The trial court further found if the action is characterized as
 one for the recovery of real property, it is barred by the ten year statute of
 limitations for the recovery of real property.  The trial court also found,
 with respect to the tennis court encroachments, South Beach proved its claim
 for adverse possession.  Portside appeals.   
STANDARD OF REVIEW
A
 suit for declaratory judgment is neither legal nor equitable, but is determined
 by the nature of the underlying issue.  An issue, essentially one at law, will
 not be transformed into one in equity simply because declaratory relief is
 sought.  Felts v. Richland County, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991).  The character of an action as
 legal or equitable is determined by the main purpose of the complaint, the
 nature of the issues as raised by the pleadings or the pleadings and proof, and
 the character of the relief sought under them.  Ins. Fin. Servs., Inc. v. S.C.
 Ins. Co., 271 S.C. 289, 293, 247 S.E.2d 315, 318 (1978). 
The
 issue of title is legal in nature. Getsinger v. Midlands Orthopaedic Profit
 Sharing Plan, 327 S.C. 424, 428, 489 S.E.2d 223, 224 (Ct. App. 1997). An
 action brought for the primary purpose of determining title to a disputed land
 is in the nature of a trespass action to try title, which is an action at law.  Watson v. Suggs, 313 S.C. 291, 293, 437 S.E.2d 172, 173 (Ct.
 App. 1993).  An adverse possession claim is an action at law.  Clark v. Hargrave, 323 S.C. 84, 87, 473 S.E.2d 474, 476 (Ct. App. 1996).
In
 an action at law, on appeal of a case tried without a jury, we may not disturb
 the circuit courts findings of fact unless they are unsupported by the
 evidence or controlled by error of law.  Auto Owners Ins. Co. v. Langford, 330 S.C. 578, 581, 500 S.E.2d 496, 498 (Ct. App. 1998).  
 
LAW/ANALYSIS
I.
  The Statutes of Limitations
          Portside initially argues
 its claims are not barred by the applicable statutes of limitations because it
 consented to South Beachs use of the 50' Tract until October 24, 2003, so that the applicable limitation periods for the
 actions for breach of the covenants and the recovery of real property did not
 commence until that date.  Thus, Portside argues, the action was initiated
 within the applicable statutory period of three years for breach of covenants and
 ten years for the action to recover real property.  See S.C. Code Ann.
 §§ 15-3-340 & 15-3-530 (2005).  
A. Recovery of Real Property
We
 find Portsides action is essentially an action for the recovery of real
 property and is barred by the ten year statute of limitations.  In determining
 whether a proceeding is an action for the recovery of real property within the
 meaning of the statute of limitations, the pleadings as a whole must be
 considered.  Winn v. Grantham, 263 S.C. 368, 371, 210 S.E.2d 602,
 603 (1974).  The character of an
 action is not to be determined by the terminology which the pleaders may chance
 to give to it.  Walsh v. Evans, 112 S.C. 131,
 136, 99 S.E. 546, 548 (1919).  [W]hen
 a defendants right to property is attacked and in his answer he raises the
 flag of dominion the issue of recovery has been established.  Winn,
 263 S.C. at 372, 210 S.E.2d at 604.    
The gravamen
 of Portsides complaint is to remove any cloud on its title in the 50' Tract and affirm its exclusive right to
 possession of the property.  Portside attacked South Beachs use of the
 property as a violation of Portsides exclusive rights.  As an action for the
 recovery of real property, the action is governed by section 15-3-340, which states
 that an action for the recovery of real property may not be maintained unless
 it appears that the plaintiff, his ancestor, predecessor, or grantor, was
 seized or possessed of the premises in question within ten years before the
 commencement of the action.  S.C. Code Ann. § 15-3-340 (2005).  Portside
 commenced this action to recover its exclusive rights in the property by filing
 its summons and complaint on February 20, 2004.  Therefore, under section
 15-3-340, Portsides action may only be maintained if it was possessed of those
 exclusive rights to the 50' Tract within ten years
 of February 20, 2004, i.e., at any time after February 20, 1994.  
South Beach encroached on the property by building tennis courts in 1988 and received the
 Easement for ingress and egress in 1992, both more than ten years prior to the
 filing of this action.  To avoid the application of the statute, Portside
 argues it consented to South Beachs encroachment and use until 2003.   
B.  Consent
Portside argues it
 consented to South Beachs use of the property until October 24, 2003, the date
 it alleges it revoked its consent and thus, the statute of limitations did not
 begin to run until that date.  We disagree.    
We
 find evidence in the record to support the finding that Portside did not
 consent to South Beachs use of the 50' Tract.  The circuit courts order does not specifically state that Portside did
 not consent.  However, the court stated that Portside suffered South Beach to use and maintain the encroachments, and to occupy the [50' Tract] in a manner consistent with the written
 easement for a period of more than ten years prior to bringing this action.  The
 South Carolina Rules of Civil Procedure require that [i]n all actions tried
 upon the facts without a jury or with an advisory jury, the court shall find
 the facts specially and state separately its conclusions of law thereon. Rule
 52(a), SCRCP. The rule is directorial in nature so where a trial court 
substantially complies with Rule 52(a) and
 adequately states the basis for the result it reaches, the
 appellate court should not vacate the trial courts judgment for lack of an
 explicit or specific factual finding.  Noisette v. Ismail, 304
 S.C. 56, 57, 403 S.E.2d 122, 123-24 (1991).  
We
 find substantial compliance by the circuit court in making its findings, and
 evidence to support the finding that Portside did not consent to the
 encroachments.  See Kirkland v. Gross, 286 S.C. 193, 198,
 332 S.E.2d 546, 549 (Ct. App. 1985), receded from on other grounds by Boyd
 v. Hyatt, 294 S.C. 360, 364 S.E.2d 478 (Ct. App. 1988) (finding the
 question of acquiescence in an action for adverse possession is generally a
 question of fact).  See also Townes Assocs., Ltd. v. City of
 Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) (stating
 appellate court will not disturb factual findings in an action at law tried
 without a jury unless there is no evidence reasonably supporting the findings).
The
 only evidence Portside offers as support for its argument that it consented is
 the October 24, 2003 letter purporting to revoke its consent.  However, there
 is contradictory evidence.  The 1992 deed from Beachside to Portside referenced
 the Easement granted to South Beach.  Furthermore, the minutes of Portsides
 annual meetings on November 2, 1991, November 7, 1992, October 16, 1993, and
 October 8, 1994, indicate Portside was aware of potential title problems to the 50' Tract.  The minutes reflect that Portside
 specifically questioned what other rights any other entity had in the 50' Tract, raised questions regarding South Beachs responsibilities concerning the property, and sought legal counsel to address
 these issues.  Portside abandoned these inquiries in 1994.  The minutes of the
 October 16, 1999 meeting indicate Portside again questioned its title to the
 property.  The minutes of the October 19, 2002 meeting reflect a discussion of
 the encroachments and Easement.  Portsides president admitted the minutes from
 Portsides annual meetings reveal no evidence that Portside ever permitted South
 Beach to use or encroach on the property.  We find evidence to support the
 conclusion that Portside did not consent to South Beachs use.  Therefore, we affirm
 the trial courts finding that the statute of limitations for the recovery of
 real property commenced at the time the Easement began to run in 1987 for the
 encroachments with the Encroachment Letter and in 1992 with the Easement for South Beachs use of the 50' Tract.  
 
II.  Adverse Possession
Portside
 next argues South Beach did not establish the elements of its affirmative
 defense of adverse possession regarding the tennis court encroachments because South Beach never had exclusive possession of Portsides property.  Additionally, Portside
 argues South Beach did not establish that its adverse possession was for the
 required number of years.  We disagree.
In South Carolina, a party may establish adverse possession after possessing adversely to the
 owner for ten years.  S.C. Code Ann. § 15-67-210 (2005).  To constitute adverse
 possession, the possession must be actual, open, notorious, hostile,
 continuous, and exclusive for the entire statutory period. Mullis v. Winchester, 237 S.C.
 487, 491, 118 S.E.2d 61, 63 (1961).  The question of
 adverse possession is one of fact and only becomes one of law when the evidence
 is undisputed and susceptible of but one inference.  Lynch
 v. Lynch, 236 S.C. 612, 622, 115 S.E.2d 301, 306 (1960).  Therefore,
 our review is limited to determining whether the circuit courts findings are
 without evidentiary support or controlled by an error of law.  Auto
 Owners Ins. Co. v. Langford, 330 S.C. 578, 581, 500 S.E.2d 496, 498 (Ct. App. 1998). 
 
A.  Exclusive Possession
Portside
 argues South Beach did not establish exclusive possession of Portsides
 property because Portside, as the owner of the entire [50' Tract], and South Beach, as an occupier of the [50' Tract], are both in possession of and share the
 [50' Tract] in its entirety.  Additionally, Portside
 argues the physical encroachments on the [50' Tract] by South Beach do not prevent the Portside homeowners from their use of
 the [50' Tract] as a whole.   
The
 general rule is that where an owner of property and an occupier are both in
 possession, the possession of the legal owner prevails to the exclusion of the
 other.  Butler v. Lindsey, 293 S.C. 466, 472, 361 S.E.2d 621,
 624 (Ct. App. 1987).  The element of
 exclusivity required to acquire title by adverse possession is not met if
 occupancy is shared with the owner.  Id. 
However,
 the trial court did not find South Beach established adverse possession with
 respect to the entire 50' Tract but merely as to the encroachments.  In
 support of this finding, the circuit court noted [s]ince the encroachments
 actually occupy a portion of the [50' Tract], South Beachs possession has been actual and exclusive.  As to the
 tennis court encroachments, we agree South Beachs use was not shared with
 Portside and therefore, met the element of exclusivity.  The encroachments
 occupy the portions of Portsides property on which they are built, so that the
 property may not be used for any other purpose.  In addition, there is
 testimony in the record stating the tennis courts were fenced in, there was no
 way to access the tennis courts from the 50' Tract, and they have been in the exclusive possession of South Beach since 1988.  Accordingly, we find no error in the trial courts finding of exclusivity.      
 
B. The Statutory Period for
 Adverse Possession
Portside
 also argues South Beach did not prove it adversely possessed the property for
 the required number of years.  Portside argues that because South Beach maintains the Encroachment Letter gave it the right to encroach, the encroachment
 was not hostile until after Portside revoked consent in 2003.  However, the
 Encroachment Letter was signed by Fraser on behalf of Beachside, not Portside,
 and any consent to encroach granted by Beachside is not attributable to
 Portside as Beachside and Portside are separate corporate entities.  Thus, even
 if the encroachment is hostile to Beachside, it could be hostile to Portside.  See Hunting v. Elders, 359 S.C. 217, 223, 597 S.E.2d 803, 806 (Ct. App. 2004) (finding corporations are separate entities).  We find evidence in the
 record to support a finding of hostility as to Portside. 
The
 only evidence in the record is that South Beachs possession began in 1988 with
 the construction of the tennis courts.  The statutory period for adverse
 possession is ten years.  S.C. Code Ann. § 15-67-210 (2005).  Portside attempt
 to revoke its consent in 2003 and filed this action in 2004.  We agree with the
 trial court that South Beach established its adverse possession for the
 statutory period.  
III. Trespass
Portside
 finally contends the trial court erred in failing to find South Beachs use of the easement constitutes a continuing trespass because South Beach did not receive a valid grant of an easement.  We disagree.
Trespass
 is an intentional invasion of the plaintiffs interest in the exclusive use of
 his property.  Hedgepath v. Amer. Tel. & Tel. Co., 348 S.C. 340,
 357, 559 S.E.2d 327, 337 (Ct. App. 2001).  Based on our finding that Portside
 is barred by the statute of limitations for the recovery of real property as to
 South Beachs use of the Easement, we find no trespass. 
CONCLUSION
For the foregoing
 reasons, the order of the circuit court is
AFFIRMED.
ANDERSON, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.