WILLOUGHBY v. NORTH EASTERN R. R. CO.

1.  EXCEPTIONS alleging no specific errors are too general and indefinite
    for consideration.
2.  ENTRY AND EGRESS.—CHARGE in regard to the doctrine that a right
    to enter upon the lands of another carries with it the right of  egress,
    was correct.
3.  RES JUDICATA—ESTOPPEL.—An issue once adjudicated in a cause, by
    a Court of competent  jurisdiction, cannot again be litigated between
    the same parties or  their privies, in a suit on the same or  a different
    cause of action.

Before KLUGH, J., Florence, February, 1897.    Affirmed.

Action by Ella F. and T. C. Willoughby *v.* North Eastern
Railroad  Company.    Judgment for defendant.    Plaintiffs
appeal.

*Messrs. W. F. Clayton* and *T. Y. Williams*, for appellant,

cite: *Questions not res judicata:* 17 S. C., 40; Rich. Eq., 204; 1 John. Cas., 497; 31 Verm., 249. *Defendant had no right to assault plaintiff in order to come out with the rails:* 2 Bail., 4; 16 S. C., 375; 2 Strob., 232.

*Messrs. Theodore G. Barker, T. M. Gilland,* and *Wilcox & Wilcox,* contra, cite: *Issue once adjudicated cannot be again raised, even in a different cause of action:* 94 U. S., 351; 4 Am. St. Rep., 436; 158 U. S., 1; 1 How., 135; 14 Am. St. Rep., 247; 152 U. S., 301; 144 U. S., 610; 146 U. S., 279; Bail. Eq., 293, 326; 11 Rich. Eq., 318; 11 Rich., 560; 15 S. C., 577; 16 S. C., 35; 4 Strob., 40; 19 S. C., 158; 24 S. C., 479; 44 S. C., 1; 35 S. C., 206; 33 S. C., 498; 41 S. C., 171; 48 S. C., 154, 321; 50 S. C., 68. *Husband joined for conformity, not party in interest:* Code, 135; act of 1712; 2 Bail., 347; act of 1744; 4 McC., 413; 2 Bail., 477; 27 S. C., 459. *Judge may charge on legal effect of a record:* 50 S. C., 218; 47 S. C., 488; 44 S. C., 288; 46 S. C., 550. *Admission of irrelevant testimony may be cured by charge:* 50 S. C., 129. *Exceptions too general:* 30 S. C., 170; 40 S. C., 88, 366, 537; 43 S. C., 99; 45 S. C., 244; 46 S. C., 101; 47 S. C., 91; 51 S. C., 55.

March 28, 1898. The opinion of the Court was delivered by

JUDGE BUCHANAN, acting Associate Justice in place of JUSTICE JONES, disqualified. This case comes up from Florence County, to which county it was removed by order of his Honor, Judge D. A. Townsend, of date 27th October, 1894. It was begun in the county of Williamsburg by the service of summons and complaint on the 23d day of July, 1887. After setting out the preliminary matter, the complaint alleges, for a first cause of action: "That on or about the 11th day of August, 1887, at Scranton, in the county of Williamsburg, and the State aforesaid, the defendant, with intent to harass, injure, and oppress the plaintiffs, caused a heavy locomotive engine, attached to a heavy train of cars, to run under a full head of steam upon the railroad of the

plaintiff, E. F. Willoughby, whereon she was standing, and whereon defendant had no right of way, up to her person, threatening to run over her, and thus violently with said locomotive engine and train assaulted her and put her in fear of immediate injury, death, and destruction, whereby she suffered great nervous shock, bodily pain, and mental agony, insomuch that she became and was utterly prostrated, and was sick from thence for a long space of time, to the damage of plaintiffs, $10,000."

And for a second cause of action: "That at Scranton, in the county of Williamsburg, and State aforesaid, on or about the 12th day of August, 1887, whilst the said E. F. Willoughby was standing on her own land and on her own railway, built upon her own land, and of which she had been, up to the invasion hereinafter mentioned, in the quiet and peaceable possession and enjoyment, the defendant, by its agents and employés thereunto specially ordered and directed, caused a heavy engine, under a full head of steam, to be run with great force on said railway towards said E. F. Willoughby, and almost up to her person, threatening to crush her; the said defendant having no right of way on said railway, whereby she was assaulted and put in great fear of immediate death; and the said defendant then and there, by its agents and employees, acting within the scope of their employment, and the special authority and direction of said defendant, violently assaulted and beat the said E. F. Willoughby, by forcibly removing her from her position and restraining her of her liberty for a considerable space of time, without reasonable cause and without any right or authority of law, against her will and consent; whereby she was greatly injured, mortified, and humiliated, and was thereby utterly prostrated by nervous debility and mental torture—to the damage of the plaintiff $10,000. Wherefore, plaintiffs demand judgment against the defendant corporation for the sum of $25,000, and the costs, expenses, and disbursements of this action." (One cause of action alleging $5,000 damages having been eliminated.)

It will be observed that in the complaint there is not any allegation affecting T. C. Willoughby, nor showing his connection with the subject matter of this action, further than that contained in the first paragraph, wherein it is stated that the plaintiff, Ella F. Willoughby, is the wife of her co-plaintiff, T. C. Willoughby, and was his wife at the time mentioned in the complaint. The whole cause of action grows out of an alleged right in the said Ella F. Willoughby to damages for the torts done to her, and her husband is merely joined in the action for conformity.

The answer alleges that on the 10th, 11th, and 12th days of August, 1887, the defendant, by its agents and employees, entered on the lands upon which the railroad (mentioned in the complaint as the railroad of the plaintiff, Ella F. Willoughby,) was located, and alleges that they had a right to enter and to take away the rails; that they were its property, inasmuch as they had been let and hired to the plaintiff, Ella F. Willoughby, under a special contract, a copy of which was set out as an exhibit, and after a request by defendant of the said E. F. Willoughby to take up and remove the rails, justified under the terms of said contract; and that the defendant did nothing except such acts as were necessary for the purpose of removing such rails. In addition, it denied the assault or trespass alleged in paragraph 3 of the complaint; and insisted that it had a full and complete right of way thereon, and entered under its contract and proceeded carefully in the lawful exercise of its right of way; and that the officers of this corporation, controlling the movements of its train, stood between the plaintiff and the approaching train and warned her to get off the track; and that having that right, they touched her person merely to remove her, and then merely gently laid their hands upon her. And for a further defense, "This defendant alleges that since the commencement of this action the right of the defendant to enter upon the railroad track claimed by the plaintiff, as set forth in said complaint, and remove therefrom the rails of defendant, which are mentioned in the contract, a copy

of which is hereto annexed, and the right of defendant, after taking up said rails, to come out from said railroad track to and upon the railroad of this defendant, has been fully and finally adjudged and adjudicated in this Court, in an action entitled 'Ella F. Willoughby, plaintiff, against The North Eastern Railroad Company.'" Concluding, the defendant denies each and every allegation of the complaint inconsistent with the allegations of its answer and not therein admitted.

The appeal in this case grows out of the invocation of the principle of estoppel by former adjudication mentioned in the last part of the answer. The introduction of the record of a former suit, entitled Ella F. Willoughby against the North Eastern Railroad Company, is the issue of law to be passed upon. If the introduction of this record was proper, then practically all the matters of law will have been settled; for exceptions 1, 3, 4, 7, and 8 refer to this matter, while exception 2 is based upon the claim that counsel for plaintiff should have been allowed to argue to the jury upon the issues decided by the Circuit Court to have been already adjudicated, in opposition to the ruling of the Circuit Judge, included in the above exceptions. Exceptions 6, 9, 10, 12, 13, and 7 do not allege the violation of any specific principle of law, but allege only generally that there was error in the charge of his Honor.

These last exceptions will be disposed of first. Inasmuch as they do not allege specifically any error, they do not come under the requirement of the rule for the assignment of errors; they are too general and indefinite. *State* v. *Atkinson*, 40 S. C., 363; *Thackston* v. *R. R.*, 40 S. C., 88; *Davis* v. *Elmore*, 40 S. C., 537; *Sims* v. *Jones*, 43 S. C., 99; *Metz* v. *Bank*, 45 S. C., 244; *Avery* v. *Wilson*, 47 S. C., 91, and the recent case of *Weatherby* v. *Covington*, 51 S. C., 55.

If, however, the assignments had been made according to the rule, the record shows that the charge of the Judge was manifestly correct. The charge of a judge must be

taken and considered as a whole. The charge of his Honor, read connectedly, does not support this claim of error. The right to enter and take up the rails, which in a former action had been adjudicated in behalf of defendant, carried with it the necessary right to come out; having the right to enter for a lawful purpose, it was implied necessarily, as an enjoyment and incident to the power given, that egress should be permitted. This charge of the Judge, relating to the right of the defendant to come out with its engine, it was claimed, had already been adjudicated in its behalf.

Exception 5 alleges error in charging on the facts. It will be observed that the specification is, that his Honor erred in violation of the constitutional provision in saying: "We find the railroad company in possession of the rails." It must be always remembered in the construction of a charge to a jury, that the charge is to be taken as a whole. Now, if this language is considered in its proper place in the charge, as printed in the case, a view differing from the conclusion of the appellant will be taken. His Honor, in a general way, was undertaking to say what had taken place between the plaintiff and defendant heretofore, giving the history of the litigation that had passed, when he said: "The judgment which was rendered to that effect, in the view which I have taken of it, is binding on the parties to this action, and must be respected by you and me in our consideration of this case. We find the railroad in possession of their rails, under the contract; it had a right to come out to its own line." Further on, indicating that he was about to apply the principles and matters announced to the present case, his Honor said: "We now come to the issues as presented in this case. It will not be uninstructive to refer to the former suit of E. F. Willoughby *v.* The North Eastern Railroad. In that case she sued the defendants for trespass on her property, alleging that the defendant took up certain iron rails and moved them. The act of taking up the rails was admitted by defendant in its answer, which

alleged they were taken up and moved under contract; that under this contract Mrs. Willoughby had not paid the rent, and that in default thereof the defendant had a legal right to go upon the lands, take up, and remove the rails. The issue was joined on this point, of course, and the verdict and judgment in favor of defendant was an adjudication as between the parties; that the rent was not paid, and that the railroad company committed no trespass in going upon the lands of the plaintiff and taking up the rails." The record was introduced, and the ruling by his Honor was, that it was an adjudication, and an estopel between the parties on this point. It was not contended that the record would be a plea in bar of the action now brought, but that the plaintiffs in this action for assault could not again open up the question of the right to enter and take up the rails under the contract; this contract being the basis of the defendant's right, the fact that the rent had not been paid, had been adjudicated in the former action. It is contended that this was a judgment between the parties on all points at issue, and is conclusive in any action upon the parties; and that while a plea in bar of the action involves the identity of the parties, and subject matter and cause of action, yet, on this specific issue, it can be used as conclusive as to the issue actually adjudicated, and upon this issue only. His Honor held with this contention. It is the application of the latter aspect of the rule that furnished the cause of appellant's exception. The proposition announced is sustained by the greater weight of authority. Mr. Black, in his valuable work on Judgments, says: "We are prepared to state categorically the two main rules which govern the subject of estoppel by judgment, as the same may be adduced from the general result of all the authorities. The first of these chief results is as follows: the point which was actually and directly in issue in the former suit, and was there judicially passed upon and determined, by a domestic court of competent jurisdiction, cannot again be drawn in question in any future action between the same parties or

their privies, whether the causes of action in the two suits
be identical or different." Section 504. In section 506,
again, the same author says: "In speaking of the former
case, we used the phrase, 'conclusiveness of the judgment;'
in referring to the latter we shall employ the term, 'bar by
former judgment.' The differences between the two cases
are found chiefly in the records, viz: as respects the identity
of the subject matter in the successive suits, and as respects
the subject of estoppel as to the matters determined by it.
In the first place, if the former judgment is offered as evi-
dence on a particular point, it is immaterial that the causes
of action in the two suits are different, but it is necessary that
that point should have constituted an issue in both suits."
The pleadings show that the point now under consideration
was an issue in both cases. The author says: "The prin-
ciple will be found to run through nearly all the American
cases, that the judgment of a court of competent jurisdic-
tion directly upon a particular point is, as between the
parties, conclusive in relation to such point, if the purpose
and subject matter of the two suits be different; hence a
judgment may not only be evidence, but conclusive evi-
dence, in relation to such a point, and still be no bar, prac-
tically and technically speaking, to a second action. For
example, where it was necessary to the plaintiff's right to
recover, in the former suit, that he should prove the de-
fendant to have been a member of a certain firm at a
specified time, the judgment will be conclusive evidence of
that fact in a subsequent suit between the same parties
on an entirely different cause of action." The question of
estoppel by former action received a very exhaustive treat-
ment in the case of *Cromwell* v. *County of Sac*, 94 U. S.,
351, where it is said: "In considering the operation of this
judgment, it should be borne in mind, as stated by counsel,
that there is a difference between the effect of a judgment, as
a bar or estoppel against the prosecution of a second action
upon the same claim or demand, and its effect as an estop-
pel in another action between the same parties upon a dif-

ferent claim or cause of action. In the former case, the judgment is rendered upon the merits, and constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties, and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that a perfect defense actually existed, of which no proof was offered, such as forgery, want of consideration or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defense never existed. The language, therefore, so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. Where the second action between the same parties is upon a different claim or demand, the judgment in the former action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In a case, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon different causes of action, inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined." Bigelow on Estoppel (2d ed.), p. 36, in discuss-

ing the effect of a former judgment in the same cause of action as a plea in bar, turns from the matters immediately thereafter considered to "the class of cases now to be considered," as that "in which an estoppel rests, regardless of any identity in the causes of action." On page 45, he says: "It is a well-established rule of law, sanctioned as well by policy as by precedent, that every material fact established in an issue must be regarded as determined by the final judgment in the action, and cannot be revived in any subsequent proceedings between the same parties. The rule in this case is, that a point once adjudicated by a court of competent jurisdiction, however erroneous the adjudication may be, is ruled upon as an estoppel in any subsequent collateral suit in the same or any other court, at law or in chancery, or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it; and this, too, whether the subsequent suit is upon the same or a different cause of action." The cases upon this subject are very numerous. *Bell* v. *Merrifield*, 4 Am. St. Rep., 436; *Roberts* v. *Northern Pacific Railroad Company*, 158 U. S., 1; *Hawk* v. *Evans*, 14 Am. St. Rep., 247; *Keokuk* v. *Railroad Company*, 152 U. S., 301; *Nesbit* v. *Riverside District*, 144 U. S., 610; *W. & W. R. R. Co.* v. *Alsbrook*, 146 U. S., 279. In *McDowall* v. *McDowall*, Bail. Eq., 326, this rule is applied in South Carolina. This case is cited with approval in *Clarke* v. *Jenkins*, 3 Rich. Eq., 318. In *Jones* v. *Weathersbee*, 4 Strob., 50; *Mauldin* v. *Gossett*, 15 S. C., 577; *Hart* v. *Bates*, 17 S. C., 35; *Ex parte Roberts*, 19 S. C., 158, and *Whaley* v. *Stevens*, 24 S. C., 479, this view was approved. The later cases have not changed the rule—*Earle* v. *Earle*, 33 S. C., 498; *Williams* v. *Mower*, 35 S. C., 206; *Duren* v. *Kee*, 41 S. C., 174; *Willis* v. *Tozer*, 44 S. C., 1; *In re Mann* v. *Pool*, 48 S. C., 154; *Swygert* v. *Wingard*, 48 S. C., 321; *Newel* v. *Neal*, 50 S. C., 68. An inspection of the record, including the decision of the Supreme Court in 32 S. C., 410, will show the application of these principles to the matters which again come up in this case before his Honor. It will

be remembered that in the answer the defendant company admitted going upon the premises and taking up the rails belonging to them under the contract, by reason of the non-compliance on the part of the plaintiff of the contract of rent. These were the issues adjudicated. We think it comes within the benign influence of the doctrine of estoppel, and is conclusive against the further contention of this subject on this point between the parties. We think there was no error in the admission of the record of the former suit for the purpose of showing the estoppel and adjudication upon the particular point indicated. The former matter concerned the plaintiff, E. F. Willoughby, the same premises, the same rent, and the same contract. This decision of the Circuit Judge was a conclusion of law. The charge to the jury upon this subject was as to the legal effect of the record made by the former case. I think there was no error in the ruling of his Honor, or in the matter complained of in the exceptions.

The judgment of this Court is, that the judgment of the Circuit Court be, and the same is hereby, affirmed.