11252

### DENT *ET AL.* v. BOLAR

#### (118 S. E., 26)

1. EJECTMENT—STATUTE LIMITING NUMBER OF ACTIONS NOT APPLICABLE TO DEFENSES.—Code Civ. Proc. 1912, § 123, limiting a plaintiff to two actions for the recoverey of realty, does not apply to defenses.

2. EJECTMENT—ISSUE OF TITLE HELD FOR JURY.—Where defendant in ejectment set up title in herself and adverse possession the issue is for the jury.

3. JUDGMENT—UNTIL REVERSED HOLDING HELD LAW AS BETWEEN PARTIES.—Until a holding of the trial Court is reversed by competent authority, it is the law between the parties.

Before MAULDIN, J., Richland, September, 1922. Reversed.

Action by W. K. Dent and others against Rebecca Bolar. Judgment for plaintiffs and defendant appeals.

*Mr. N. J. Frederick,* for appellant, cites: *Action to quiet title is not for recovery of real property:* 29 Cyc., 1036. *Suit dismissed for want of jurisdiction would not count as one action:* 10 S. C., 317; 1 Strob., 1. *Jury trial proper:* Code Proc. 1912, Sec. 312; 60 S. C., 599.

*Messrs. Thomas & Lumpkin,* for respondent, cite: *Case controlled by* 98 S. C., 177; 112 S. C., 10; 77 S. C., 138.

June 12, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The judgment appealed from sets out the facts and reads:

"This cause comes before me in the form of a petition, which prays that the defendant above named be ejected from a certain tract of land in this county, and that she and others claiming title to the said tract be forever enjoined from re-entering upon the same. The tract of land in question comprises some 90 acres, known as the 'Adams

tract,' situated about 7 miles northeast of the City of Columbia.    It appears that in December, 1890, John B. Dent acquired the tract of land in question; that he died in the year 1899, and that the petitioners are the sole heirs at law and distributees of the said John B. Dent, and tenants in common of the aforesaid tract.

"During the month of March, 1919, one Rose Whittaker, mother of the defendant herein, brought an action in the County Court, in which, among other things, she prayed that the Court decree and order the petitioners herein, defendants in that action, to make a conveyance of the premises in question, and that a certain note and mortgage alleged to have been given by Rose Whittaker to John B. Dent, deceased, be marked paid, canceled, and delivered up.    The defendants, petitioners here, set up their title to the said premises, and upon trial of the cause a verdict was rendered by the jury awarding the possession and title in the premises to the defendants, who are the petitioners herein.    Thereupon Judge Whaley, of the County Court, granted a motion for a new trial.    Upon the call of the case in the County Court evidence was introduced to show that the value of the land in question was in excess of $3,000.00, and Judge Whaley by formal order dismissed the case for want of jurisdiction.

"In the month of October, 1919, an action was begun in the Court of Common Pleas for Richland County between the same parties for the same purposes and involving the same tract of land.    Some time during the year 1920 Rose Whittaker died, and one of her children remained on the land until December of that year, when she removed, and another daughter, Rebecca Bolar, the defendant herein, moved upon the said land.    In the month of January, 1921, the petitioners herein gave Bolar notice to quit.    This she refused to do, and thereupon the matter was turned over to Magistrate Wilson, of Richland County, who, after

proper notice and hearing of the cause, issued his order ejecting Rebecca Bolar from the said land. Bolar then filed bond and appealed the case to the Circuit Court, where Judge Townsend, after hearing, issued his order reversing the judgment of the Magistrate, for the reason that an action was then pending in the Court of Common Pleas, and because the question of title had been raised. At this hearing it was represented to the presiding Judge that no effort was being made by the defendant and other heirs of Rose Whittaker to have an administrator appointed and proper substitution made. In his order Judge Townsend mentions the fact that counsel for Rebecca Bolar represents that such action will be taken at once, in order to expedite the trial of the cause.

"Counsel for the petitioners herein now represent to me that repeated efforts were made by them to bring the case to trial, and finally they served upon the defendant's counsel a notice of a motion to dismiss the case for want of prosecution. In the record there appears an order, signed by Judge Bowman, bearing the consent of counsel for the defendants herein, dismissing the case for want of prosecution. The petitioners now bring this petition, praying for an order ejecting the defendant, Rebecca Bolar, and for an injunction against her re-entry, and further pray that they be forthwith put into possession. The defendant, by counsel, answers the petition, setting up title in herself and other heirs of Rose Whittaker. At the time the petition was served there was also served an order of Judge Peurifoy requiring the defendant to show cause why she should not quit, vacate, and remove from the tract of land above mentioned. This order was returnable at the last term of the Court of Common Pleas, but was not heard; it appearing that no suitable opportunity presented itself for such hearing.

"At the hearing of the matter today, counsel for the defendant files his return, praying that his answer heretofore filed be so considered. The petitioners now traverse this

return, and represent to me that their prayer should be granted, because the defendant herein has already brought two actions for the recovery of the tract of land in question; that both actions have been discontinued by formal order, and that under the provisions of Section 123 of the Code of Civil Procedure the effect of the return to the rule is to attempt to adjudicate for the third time the question of the title to the tract of land aforesaid.

"I am constrained to so hold. The defendant and the other heirs of Rose Whittaker have had ample opportunity to have the question of this title adjudicated. They have failed so to do. They have in effect refused to allow the case to be tried, by failing to have proper substitution made, as has been pointed out above. Further, they have even consented to an order dismissing the case for want of prosecution. But they have not removed from the land. In other words, they are endeavoring to put the petitioners herein upon proof of their title, and proposing to require such petitioners to become plaintiffs in an action, where every particle of record evidence shows title in them. In the meantime, the defendant remains upon the premises, refusing to remove and also refusing to bring the cause to trial. The need for the relief prayed for is apparent, and should be speedily granted. I am strengthened in this opinion by reference to the case of *Mitchum v. Shaw,* 98 S. C., 177; 82 S. E., 401, where the Supreme Court held that, where two actions involving the title to real estate—the identical tract, as in this case—had been brought, and both had been discontinued, no further action might be brought. As in that case, we have here two actions which were confessedly to recover possession of the same land; they were against the same defendants, and they set up the same offensive title.

"It is, therefore, ordered, adjudged, and decreed that the defendant, Rebecca Bolar, do forthwith quit, vacate, and

remove from the premises above mentioned, to wit, the tract of land known as the 'Adams tract,' comprising 90 acres, more or less, situated about 7 miles northeast of the City of Columbia, in the County and State aforesaid. It is further ordered that the Sheriff of Richland County do forthwith put the petitioners herein in possession of the said tract. It is further ordered that the defendant, Rebecca Bolar, and all other persons claiming or to claim as heirs at law of Rose Whittaker, deceased, be, and they are hereby, restrained and forever enjoined from entering upon the above-mentioned premises."

The exceptions are:

I. "His Honor erred in finding and concluding that two actions for the recovery of the tract of land in question had been brought by the defendant, in that (a) there is no record of even one such action by defendant, who, with her ancestor, has had continuous possession since the purchase of said land in 1892. (b) No such issue was raised by the pleadings in the case.

II. "His Honor erred in decreeing ejectment and issuing a perpetual injunction, in that the defendant set up by her return and answer title in herself, as well as adverse possession, which plea entitled her of right to a trial by jury of the legal issues raised."

I. Section 123 of the Code of Civil Procedure does not help the petitioners. Rebecca Bolar has not brought this action. That section forbids the bringing of more than two actions, and does not apply to a defense. The exception that raises this question is sustained.

II. Judge Townsend has already held that, inasmuch as the title to real estate is involved, the issue is one for a jury, and the appellant (in this Court) cannot be ejected by summary process. Until his holding is reversed by competent authority, it is the law between

the parties.   It is good law, anyway, and the order appealed
from is reversed.